UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:                                                          Case No. 1-11-__12181__

    THE CARE CENTER PHARMACY, INC.,

                                                               Chapter 11

        Debtor.

MOTION FOR EMERGENCY, INTERIM AND FINAL AUTHORITY
TO USE CASH COLLATERAL, PROVIDING FOR ADEQUATE PROTECTION
PAYMENTS AND SEEKING ENTRY OF AN ORDER ESTABLISHING
DATES FOR HEARINGS THEREON AND PRESCRIBING
APPROPRIATE NOTICE THEREOF

The Debtor-in-Possession, by its attorneys, CLARK & WHIPPLE LLP, hereby moves this Court for an Order, pursuant to the Bankruptcy Code Section 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to use cash collateral in which Manufacturers and Trades Trust Company ("M&T Bank") and Rochester Drug Cooperative, Inc. ("RDC"), has or claims a lien or security interest and establishing appropriate adequate protection payments to M&T Bank and RDC, all as set forth more fully below. The Debtor further moves this Court for an Order authorizing its emergency use of cash collateral, pending a hearing on the Debtor's interim use of cash collateral, and moves for interim use of cash collateral, to permit it to meet the same costs, and the costs of overhead, operations and preservation of the Secured Creditor's collateral, pending a final hearing in this matter, and granting replacement rollover liens to the Secured Creditors, effective as of the filing date of this matter, to the extent of cash collateral actually used. Additionally, the Debtor requests that this Court enter an Order establishing the dates for interim

and final hearings in this matter and prescribing appropriate notice of this matter to M&T Bank and RDC and its counsel, the Office of the United States Trustee and to the 20 largest unsecured creditors.

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 19, 2011 (the "Filing").

2. The Debtor is a privately owned New York corporation with its principal place of business and its principal assets located in Dunkirk, New York. The Debtor operates a long term care pharmacy.

3. During 2010, the Debtor's total revenues were approximately $7,672,156.00.

4 (a). Prior to the Filing Date, on or about October 12, 2005 and October 12, 2006, Debtor entered into various loan agreements and security agreements with M&T Bank as set forth on Schedule "C" (annexed). UCC filings were filed on October 12, 2005 and January 27, 2006. M&T Bank balances are indicated on Schedule "A". As of the Filing, the Debtor was obligated to M&T Bank in the amount of approximately $569,710.00 with respect to its line of credit obligations and mortgage (Schedule "A" annexed). There has been no default.

4 (b). Prior to the Filing Date on or about March 21, 2008, Debtor has been purchasing pharmacy supplies on a trade account from RDC at RDC's interest rate of 18% which Debtor cannot meet. Right now Debtor has been on a COD arrangement.

5 (a). Prior to the Filing, the Debtor also entered into Security Agreements on October 12, 2005 and January 27, 2006 which granted M&T

Bank liens and security interests in substantially all assets of the Debtor and UCC filings have been filed by M&T Bank to secure these obligations as set forth on Schedule "C" annexed.

5 (b). RDC's interest rate is excessive and Debtor has been unable to keep current. At this time Debtor is in default and owes RDC $2,747,494.58. RDC has commenced suit to enforce its UCC liens and security agreement. It is in second position to M&T Bank. Debtor can no longer deal with RDC at the rate of interest of 18%. Schedule "B" annexed sets forth its debt owed to RDC.

6. The Debtor is current on its payments to M&T Bank on its mortgage payments and line of credit. Schedule A annexed sets forth its debt owing to M&T Bank.

7. Through this motion, the Debtor seeks emergency authorization for leave to use the cash collateral of M&T Bank to continue operations of the Debtor, in accordance with the current terms of its loans and secure approval of its pending loan application.

8. Upon information and belief, the fair market value of the Debtor's assets is approximately $625,475.00.

9. The Debtor also requests that this Court authorize emergency and interim usage of cash collateral of RDC, pending the date of a final hearing in this matter.

10. Immediate emergency usage of cash collateral is also required to permit the Debtor to be able to pay the daily costs of operation and repairs during the time period from the Filing until the interim hearing hereon.

10. Immediate emergency usage of cash collateral is also required to permit the Debtor to be able to pay the daily costs of operation and repairs during the time period from the Filing until the interim hearing hereon.

11. Furthermore, the Debtor requests that this Court enter an Order establishing dates for interim and final hearings and prescribing notice to be given thereof.

WHEREFORE, the Debtor requests that the Court grant its motion for leave to use cash collateral, that it authorize the emergency use of cash collateral, according to the terms of the Stipulation, pending the date of the interim hearing hereon, that it grant interim approval of the interim use of cash collateral stipulation described above until such time as a final hearing in this matter may be held, that it establish dates for such interim and final hearings, as set forth more fully above, and that it grant to the Debtor such other and further relief as this Court deems just and proper.

Dated: Fredonia, New York
June 16, 2011

CLARK & WHIPPLE LLP

Richard F. Whipple, Jr., Esq.
ATTORNEY FOR DEBTOR
2 West Main, PO Box 109
Fredonia, NY 14063-0109
Tel. (716) 673-1361
Fax (716) 673-1365
rwhipple@swcnlaw.com

cc: U.S. Trustee
M&T Bank
Rochester Drug Cooperative, Inc.
20 Largest Unsecured Creditors